### In re: VISTAPRINT CORP. MARKETING AND SALES PRACTICES LITIGATION.

#### MDL No. 1994.

United States Judicial Panel on Multidistrict Litigation.

Dec. 11, 2008.

Before JOHN G. HEYBURN II, Chairman, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL,* DAVID R. HANSEN, and W. ROYAL FURGESON, JR., Judges of the Panel.

---

* Judge Vratil took no part in the disposition of this matter.

## TRANSFER ORDER

JOHN G. HEYBURN II, Chairman.

**Before the entire Panel** *: Two motions, pursuant to 28 U.S.C. § 1407, seeking centralization of seven related actions for coordinated or consolidated pretrial proceedings have been filed. While all parties agree that centralization is appropriate, they disagree on the most appropriate district for Section 1407 proceedings. Plaintiffs in one action pending in the District of Massachusetts seek centralization in the District of Massachusetts; plaintiff in the other action pending in this district joins in this motion.[1] Defendants Vertrue Inc., and Adaptive Marketing LLC (Adaptive Marketing) (collectively referred to as the Adaptive defendants) seek centralization in the Southern District of Texas; defendants VistaPrint USA, Inc., and VistaPrint Ltd. (collectively referred to as VistaPrint) join in this motion.

This litigation presently consists of seven actions listed on Schedule A and pending as follows: two actions in the District of Massachusetts; and one action each in the Southern District of Alabama, the Middle District of Florida, the District of Nevada, the District of New Jersey and the Southern District of Texas.

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of Texas will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising out of allegations that (1) the Adaptive

defendants improperly enrolled VistaPrint customers in online membership programs, a practice referred to as "cramming;" and (2) this practice caused unauthorized charges to be made on customers' credit and debit accounts in violation of the federal Electronic Fund Transfer Act and/or the Electronic Communications Privacy Act. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings, especially on the issue of class certification; and conserve the resources of the parties, their counsel and the judiciary.

While either of the proposed districts would be an appropriate transferee forum, we select the Southern District of Texas, because (1) the first-filed action is pending there, and (2) Adaptive Marketing has an office in Houston, Texas, and relevant documents and witnesses may be found there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Southern District of Texas are transferred to this district and, with the consent of that court, assigned to the Honorable Nancy F. Atlas for coordinated or consolidated pretrial proceedings with the action pending there and listed on Schedule A.

## SCHEDULE A

MDL No. 1994 — **IN RE: VISTAPRINT CORP. MARKETING AND SALES PRACTICES LITIGATION**

*Southern District of Alabama*

*Phillip Pacetti v. VistaPrint Corp., et al.,* C.A. No. 1:08–492

*Middle District of Florida*

*Michael P. Bott v. VistaPrint Corp., et al,* C.A. No. 8:08–1789

---

1. During oral argument before the Panel, this Massachusetts plaintiff represented that plaintiffs in the remaining five actions also support selection of the District of Massachusetts.

**District of Massachusetts**

*Deloris Gordon v. Adaptive Marketing, LLC, et al.,* C.A. No. 1:08–11485

*Laurel Hudson, et al. v. VistaPrint Corp., et al.,* C.A. No. 1:08–11543

**District of Nevada**

*Susan Olmsted v. VistaPrint, Ltd., et al.,* C.A. No. 2:08–1164

**District of New Jersey**

*Renee West v. VistaPrint Corp., et al.,* C.A. No. 2:08–3860

**Southern District of Texas**

*Kevin Woolley, et al. v. VistaPrint Corp., et al.,* C.A. No. 4:08–2355